# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

November 9, 2018

Keli Liu, Esq.
Tel : (718) 353-8588
Cell: (718) 350-9308
Fax: (718) 353-6288
Email: kliu@hanglaw.com

**VIA ECF**
Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

>    Re: Yang v. Guan Fu Inc. d/b/a Guan Fu Szhecuan et al.
>        Case No. 1:17-cv-6158(SJB)
>        **Joint Motion for Approval of Settlement**

Dear Judge Bulsara:

We are the Counsel for the Plaintiff Pei Hua Yang in the above-referenced action. We write jointly with the Defense counsel and submit this letter motion seeking approval of the negotiated Settlement Agreement (attached hereto as **Exhibit A**) in the instant action, as required pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd. Cir. 2015). This letter sets forth why, following the analysis in *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335-6 (S.D.N.Y. 2012), the Settlement Agreement is fair and reasonable.

**Settlement Amount**

Both parties believe that the settlement amount is fair and reasonable. This is an action by Plaintiff Pei Hua Yang for alleged unpaid overtime wages, unpaid spread of hours, failure to give notice at time of hire, and failure to provide paystubs brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and the New York Labor Law ("NYLL").

Plaintiff Yang alleges that he was formerly employed as a kitchen worker at the restaurant owned by Defendants. Plaintiff Yang claims to have worked for Defendants from June 27, 2017 to October 17, 2017. He further alleges that during his tenure, he routinely worked approximately seventy-two (72) hours a week and that his daily work shift regularly exceeded 10 hours.

Plaintiff Yang alleges that he was paid a fixed bi-weekly rate of $1,450 regardless of the number of hours he worked. As a result, he did not receive overtime premium for all hours worked

in excess of forty hours. If Plaintiff Yang were to prevail on all of his claims, the overtime back wage in total is about $9,430.08.

However, Defendants contend that there was no wrongdoing and that they paid proper minimum wage and overtime wages for all hours worked. If Defendants prevailed, Defendants argued that Plaintiff was entitled to nothing.

The gross settlement amount is $25,000.00 and the parties' settlement provides that this amount will include all attorneys' fees and costs and settlement payment to Plaintiff of $15,604.33. This reflects a reasonable compromise between the parties' vastly different claims. Given that the outcome of trial will be hinged on entirely the credibility of the parties and witnesses, as well as the risk of an all-or-nothing binary outcome, we believe this range of recovery is reasonable. This settlement was reached after more than a year of litigation, including the depositions of the Plaintiff and principal of the Defendant business. Settlement was finally reach the day before the scheduled bench trial.

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours is sufficient to prove the hours that he worked and the wages he received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder.

### **Attorney's Fees**

Our settlement agreement also provides for reasonable attorney's fees. Pursuant to our firm's retainer agreement with the Plaintiff, the firm will be reimbursed about $1,593.50 in filing and fees for mediation and deposition, and the firm will ask for $7,802.17 as attorneys' fees, for a total amount of attorneys' fees and costs of $9,395.67, as set forth in Section 1 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Generally, Hang & Associates, PLLC represents both plaintiffs and defendants with respect to litigating claims arising out of the employment relationship, including claims relating to employment discrimination, wage and hour issues, and contact disputes. While the majority of our plaintiff-side work is contingency based, we typically calculate our attorney fees based on our hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates PLLC, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates, PLLC focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. Our firm spent more than one year litigating the case, the hours of deposition and preparation alone took us almost ten hours. It is beyond dispute that had we been billing hourly, we would have incurred far more than $7,802.17 in fees. As such, we believe the attorney fees we receive under the settlement is more than reasonable considering the number of hours that were necessarily expended on this litigation.

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement Agreement in this matter as set forth above as it contains fair, adequate, and reasonable terms.

Respectfully submitted,

*/s/ Keli Liu*
Keli Liu, Esq.

Cc: Yuan Zheng, Esq. (via ECF)